1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Harold D. Harden,

Plaintiff

v.

Corrections Officer Soboro, et al.,

Defendants

Case No.: 2:14-cv-00560-JAD-NJK

**Order Denying Motion for Reconsideration (Docs. 50, 93)**

    Pro se plaintiff Harold D. Harden, who is a prisoner in the custody of the Nevada Department of Corrections, has two cases pending before me.[1]  In each, he has raised the issue of mental incompetence, citing his alleged schizophrenia as a reason I should reconsider the various orders denying his request for counsel.

    As I recently explained in Mr. Harden's other case, the Ninth Circuit requires a showing of "substantial evidence" before the procedures to determine competency are triggered.[2]  Mr. Harden did not satisfy that burden in his other case; nor has he satisfied it here.  He has not submitted any declaration of his mental incompetence.  He has not provided any medical records or sworn statements by physicians.  In short, he has not offered anything resembling "substantial evidence."[3]

---

    [1] The second case is *Harden v. Soboro*, 2-14-cv-2008-JAD-VCF (*Harden II*).

    [2] *See Harden II*, Doc. 10 at 1-2 (citing *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005)). I incorporate that order here by reference.

    [3] *See Allen*, *408 F.3d at 1153* (identifying facts that constituted "substantial evidence" of mental incompetence); *see also Shack v. Knipp*, 2012 WL 4111652, at *5–7 (S.D. Cal. Sept 17, 2012) (concluding that a plaintiff who did not submit a letter from his treating physician, did not submit a sworn declaration, and showed a capacity to effectively communicate with the court failed to submit substantial evidence); *Lavery v. Singh*, 2011 WL 5975934, at *3 (S.D. Cal. Nov. 29, 2011) (concluding that the plaintiff failed to submit substantial evidence by relying solely on his own declaration, which was refuted by medical records provided by the defendant); *McElroy v. Cox*, 2009 WL 4895350, at *3 (E.D. Cal. Dec 11, 2009) (concluding that the plaintiff failed to submit substantial evidence because, even though he submitted medical records, he demonstrated an ability to function while properly medicated and there was no nexus between his mental disorder and his ability to articulate his claims).

Harden has also not demonstrated how his motion warrants the "extraordinary remedy"[4] of reconsideration.  I denied his initial requests[5] for counsel because counsel are appointed for indigent civil litigants only in "exceptional circumstances,"[6] and Mr. Harden did not show that those exceptional circumstances exist here.[7]  For me to reconsider my order, Mr. Harden has to present newly discovered evidence, show how my decision was clearly erroneous, or point to a change in the controlling law.[8]  Mr. Harden has done none of these things.  Accordingly, his motion for reconsideration is denied.

### Conclusion

Accordingly, it is HEREBY ORDERED that Harden's Motion for Reconsideration **[Doc. 50] is DENIED** and his Motion to Provide Decision on Motion for Reconsideration **[Doc. 93] is DENIED AS MOOT**.

DATED May 21, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[4] *Carroll v. Nakatani*, 342 F.2d 713, 715 (9th Cir. 2003).

[5] *See* Doc 10, 11.

[6] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

[7] *See* Doc. 16.

[8] *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

2