1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Harold D. Harden

          Plaintiff,

vs.

Corrections Officer Soboro, et al.,

          Defendants.

Case No.: 2:14-cv-560-JAD-NJK

**Order Denying Motions to Dismiss and for Other Relief**
**(Docs. 51, 94, 96)**

      Defendants, a trio of corrections officers at High Desert State Prison in Nevada, move to dismiss pro se plaintiff Harold Harden's civil rights case against them.[1]  In May of 2014, I conducted a preliminary screening of Harden's complaint.  I noted that Harden's claims appeared to be barred by the 2-year statute of limitations, but I ultimately allowed them to survive because there remains a question of whether the statute of limitations might be tolled on account of Harden's alleged mental illness.[2]  Nothing in the defendants' motion to dismiss persuades me that I should reconsider that decision or that there are separate reasons to conclude that Harden has failed to state a claim for which relief can be granted.  I therefore deny their motion.

      I also deny two of Harden's motions.  The first, titled "Motion for PreTrail[sic]/Pretrail[sic] Scheduling,"[3] asks for no cognizable relief. The second, titled "Motion for Temporary Injunctive Relief," seeks relief unrelated to the claims in this case.

## Background

      Harden alleges the following course of events.  On July 18, 2011, he was being treated for mental health illness and was not fully coherent.[4]  That same day Officer John Doe ordered Officer

---

[1] *See* Doc. 9.

[2] *See* Doc. 8 at 3-4.

[3] Doc. 94.

[4] *See* Doc. 9 at 3.

1   Angelo Soboro to search Harden's cell.[5]   Soboro preceded to "trash[]" the cell and take Harden's

2   legal papers.[6]   Because Soboro never returned these papers, Harden lost two post-convictions

3   motions to modify his sentence before the Clark County Eighth Judicial Court.[7]

4         At a disciplinary hearing before Officer Guy Brown a couple of weeks after the cell incident,

5   Harden raised the issue of Doe and Soboro's conduct.[8]   Harden wanted to present video evidence;

6   Brown wouldn't let him.[9]   Brown did, however, allow Harden to call his cellmate as a witness.[10]

7   Even though the cellmate's account of the incident matched Harden's account, Brown still sided with

8   the officers.[11]

9         I conducted a preliminary screening of Harden's complaint on May 23, 2014.[12]   I noted that

10  his two claims—one for due process violations and the other for denial of access to the courts—may

11  be barred by the 2-year statute of limitations on § 1983 claims.[13]   But I ultimately let them survive

12  initial screening due to a question of whether the statute of limitations might be tolled on account of

13  Harden's alleged mental illness.[14]

14

15  ////

16  _____

17  [5] *Id.*

18  [6] *Id.*

19  [7] *See id*; *see also* Doc. 51-1 at 8.

20  [8] Doc. 9 at 4.

21  [9] *Id.*

22  [10] *Id.*

23  [11] *Id.*

24

25  [12] *Id.*

26  [13] *See* Doc. 8 at 3-4.  When evaluating § 1983 claims, federal courts use the forum state's statute of limitations for personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In Nevada, the

27  statute of limitations for personal injury actions is two years.  Nev. Rev. Stat. § 11.190(4)(c).

28  [14] *See* Doc. 8 at 3-4.

1                                               **Discussion**

2 **I.**       **Motion to Dismiss**

3        Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain

4 statement of the claim showing that the pleader is entitled to relief."[15]  While Rule 8 does not require

5 detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to

6 relief that is plausible on its face."[16]  This "demands more than an unadorned,

7 the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the

8 speculative level."[17]  In other words, a complaint must make direct or inferential allegations about

9 "all the material elements necessary to sustain recovery under *some* viable legal theory."[18]

10        District courts employ a two-step approach when evaluating a complaint's sufficiency on a

11 Rule 12(b)(6) motion to dismiss.  First, the court must accept as true all well-pled factual allegations

12 in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[19]

13 Mere recitals of a claim's elements, supported only by conclusory statements, are insufficient.[20]

14 Second, the court must consider whether the well-pled factual allegations state a plausible claim for

15 relief.[21]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a

16 reasonable inference that the defendant is liable for the alleged misconduct.[22]  A complaint that does

17 not permit the court to infer more than the mere possibility of misconduct has "alleged—but not

18 ─────────────────

19 [15] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*,
20 556 U.S. 662, 678–79 (2009).

21 [16] *Twombly*, 550 U.S. at 570.

22 [17] *Iqbal*, 556 U.S. at 678.

23 [18] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106
24 (7th Cir. 1989)) (emphasis in original).

25 [19] *Iqbal*, 556 U.S. at 678–79.

26 [20] *Id.*

27 [21] *Id.* at 679.

28 [22] *Id.*

1    shown—that the pleader is entitled to relief," and it must be dismissed.[23]

2          In my screening order, I found that Harden's complaint states a colorable claim for due

3    process violations because Harden has alleged that Soboro confiscated Harden's legal papers; if

4    Soboro did, Harden may be able to show that this was "an authorized, intentional deprivation of

5    property."[24]  Defendants do not address these alleged violations in their motion to dismiss, so there is

6    no reason for me to reconsider my earlier conclusion about them.  Harden's due process claim

7    survives Rule 12(b)(6) scrutiny.

8          Defendants focus instead on the role Harden alleges these legal papers played in the denial of

9    his two motions for modification.  They argue that Harden "cannot demonstrate that the alleged

10   confiscation of his legal work caused him to lose a meaningful opportunity to pursue his claim."[25]

11   Harden has not yet had a chance to present evidence showing how not having these legal papers

12   harmed him.  But if what he alleges is true—that Soboro took his legal papers and, as a result, his

13   ability to pursue his post-convictions matters was hindered—he has stated a plausible a claim for

14   denial of access to the courts.  Accordingly, I cannot dismiss it at this stage. The claim survives this

15   motion to dismiss.

16   **II.    Motion for Pretrial Scheduling**

17         Harden has filed a "Motion for PreTrail[sic]/Pretrail[sic] Scheduling."[26]  He appears to use

18   this filing to argue that the defendants are receiving preferential treatment.  The motion is denied

19   because it does not seek any cognizable relief.

20   **III.    Motion for Temporary Injunctive Relief**

21         Harden has also filed a "Motion for Temporary Injunctive Relief."[27]  In it, he requests

22   injunctive relief directing defendants to provide him with medical care in the form of (1) surgery on

---

23   [23] *Twombly*, 550 U.S. at 570.

24   [24] *See* Doc. 8 at 4.

25   [25] Doc. 51 at 4.

26   [26] Doc. 94.

27   [27] Doc. 96.

28

1 his alleged "testicular cyst" and "arm abcesses [sic]," (2) mental health medications, and (3) dental

2 care.[28]

3        None of these requests is related to the underlying claims in Harden's instant complaint, and

4 district courts are not at liberty to issue an injunction regarding "a matter lying wholly outside of the

5 issues in the suit."[29]  Harden's instant claims center around two allegations: due process violations as

6 a result of a intentional deprivation of property, and denial of access to the courts.  They are entirely

7 unrelated to alleged  improper medical care, a need for surgery, or dental care. The Ninth Circuit has

8 not specifically addressed whether a plaintiff seeking injunctive relief must show a relationship

9 between the injury claimed in their motion and the conduct asserted in the complaint.  But other

10 circuits have consistently held that this kind of nexus is essential.[30]

11        Even if Harden could show a nexus or that the Ninth Circuit does not require one, I would

12 still deny Harden's motion because he has failed to satisfy the four elements needed to succeed on a

13 request for injunctive relief: (1) he has not shown that he is likely to succeed on the merits; (2) he has

14 not shown that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) he has

15 not shown that the balance of equities tip in his favor; (4) and he has not demonstrated that an

16 injunction would be in the public interest.  In fact, his motion contains no mention of these factors,

17 nor any effort to satisfy the additional requirements prisoner litigants face when seeking injunctive

18 relief against prison officials, as Harden is attempting to do here.[31]  Accordingly, his motion is

19 _____

20 [28] Doc. 96 at 1.

21 [29] *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945).

22 [30] *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary
23 injunction must necessarily establish a relationship between the injury claimed in the party's motion
   and the conduct asserted in the complaint."); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir.
24 2010) ("[Pro se prisoner plaintiff] had no grounds to seek an injunction pertaining to allegedly
   impermissible conduct not mentioned in his original complaint."); *Omega World Travel, Inc., v.*
25 *Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ( "[A] preliminary injunction may never issue
26 to prevent an injury or harm which not even the moving party contends was caused by the wrong
   claimed in the underlying action.").

27
28 [31] "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct
   the harm the court finds requires preliminary relief, and be the least intrusive means necessary to

1 | denied.

2 | ## Conclusion

3 |     IT IS HEREBY ORDERED that defendants' Motion to Dismiss **[Doc. 51] is DENIED**.

4 |     IT IS FURTHERED ORDERED that Harold Harden's "Motion for PreTrail[sic]/Pretrail[sic]

5 | Scheduling"**[Doc. 94]** and his "Motion for Temporary Injunctive Relief"**[Doc. 96] are both**

6 | **DENIED.**

7 |     DATED: June 22, 2015.

8

9

10 | Jennifer A. Dorsey
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 | correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief." 18 U.S.C. §

28 | 3626(a)(2).