UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| HAROLD D. HARDEN, | Case No.: 2:14-cv-00560-JAD-NJK |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| SOBORO, *et al.*, | (Docket Nos. 86, 87, 95, 97, 111, 112, 120, 124) |
| Defendants. | |

Pending before the Court is Defendants' motion for summary judgment, Docket No. 86, and Plaintiff's motion for summary judgment, Docket No. 111. Also pending before the Court are numerous related filings. Docket Nos. 87, 95, 97, 112, 120, 124. United States District Judge Jennifer A. Dorsey has referred these motions to the undersigned for preparation of a report and recommendation. The undersigned finds these matters properly submitted without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the undersigned **RECOMMENDS** that Defendants' motion for summary judgment be **GRANTED**, along with the request for judicial notice at Docket No. 87, and that all other of the above motions be **DENIED**.

## I.   BACKGROUND

This is a prisoner civil rights case. The complaint alleges that, on July 18, 2011, Plaintiff was being treated for mental health illnesses and had not been fully coherent. Docket No. 9 at 1, 3. On that

day, Defendant Sorboro allegedly "trashed" Plaintiff's cell, took Plaintiff's legal papers, and then refused to return them. *Id.* at 4. At a subsequent disciplinary hearing, Defendant Brown sided with his officers even though Plaintiff had presented evidence to support his version of the events. *Id.* Brown did not permit Plaintiff to use video camera footage as evidence during his hearing, but did permit Plaintiff to call his cellmate as a witness. *Id.* Although Plaintiff and his cellmate's facts were the same, Plaintiff was still punished. *Id.* Plaintiff alleges that his post-conviction cases were denied as untimely because of Sorboro's actions. *Id.* at 3.

On May 23, 2014, the Court screened Plaintiff's complaint. Docket No. 8. The Court noted that the applicable statute of limitations had expired for Plaintiff's claim, but further found that he may have a colorable claim for equitable tolling based on mental illness and that such an equitable tolling issue was better resolved following discovery. *See id.* at 4. With that caveat, the Court found that Plaintiff had stated a colorable claim for relief for violation of due process and denial of access to the courts. *See id.* at 4-5.

Following discovery, Defendants have now filed a motion for summary judgment.

## II.    MOTIONS TO STRIKE

Before addressing Defendants' motion for summary judgment, the Court turns to the numerous motions to strike that have been filed. Docket Nos. 97, 120, 124.[1] Plaintiff argues that Defendants motion for summary judgment was untimely. *See* Docket No. 97 at 1. The deadline to file motions for summary judgment was May 8, 2015, *see* Docket No. 76, and Defendants' motion for summary judgment was filed at 2:51 p.m. on May 8, 2015, *see* Docket No. 86, Notice of Electronic Filing. Accordingly, the undersigned recommends that the motion to strike at Docket No. 97 be denied.

The motions to strike otherwise are primarily geared toward the repetitive nature of filings and/or raise substantive arguments in response to other filings. It appears to be in the interest of justice to

---

[1] Plaintiff fashioned his motions as "motions to dismiss" the filings of Defendants. The undersigned construes those requests as motions to strike.

consider all of the arguments raised in these filings and, therefore, the undersigned recommends that the motions to strike at Docket Nos. 120 and 124 be denied.

### III.    STANDARDS

Summary judgment shall be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A defendant who moves for summary judgment bears the initial burden of proving the absence of any triable issue of fact but need not produce evidence negating elements of a claim for which the plaintiff bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).

A non-moving plaintiff can defeat summary judgment by producing evidence establishing a "genuine issue" of material fact as to the essential elements of the plaintiff's case, and on which the plaintiff would bear the burden of proof at trial. *See id.* at 322-23. There is a genuine issue of fact if that fact reasonably can be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986). The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor. *Id.* at 255. But "mere disagreement or the bald assertion that a genuine issue of material fact exists" does not preclude summary judgment. *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989). The "opponent must do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The Ninth Circuit has made clear that courts have an obligation to give a liberal construction to the filings of *pro se* litigants, especially when those litigants are inmates bringing civil rights claims. *See, e.g.*, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

//
//
//
//
//

# IV. ANALYSIS

Plaintiff brings two claims. First, he claims that his due process rights were denied. Second, he claims that he was denied access to the courts. Defendants challenge both claims through their pending motion for summary judgment.[2] The Court will address the claims in turn below.

## A. Due Process

Plaintiff seeks to bring a claim for violation of his rights to due process. Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). The Supreme Court has made clear, however, that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). On the other hand, if the deprivation of property is authorized–*i.e.*, carried out pursuant to an established state procedure, statute or regulation–then the plaintiff can state a claim under the due process clause. *See, e.g.*, *id.* at 532 n.13.

In this instance, accepting Plaintiff's allegations as true that his legal papers were taken, Defendant Sorboro engaged in an unauthorized intentional deprivation of property. In particular, the applicable regulations specifically allow inmates to possess personal legal materials in their cells. *See* Docket No. 86-12 (NDOC Administrative Regulation 722.04(13)). Any taking of Plaintiff's legal papers was unauthorized. *Cf. Cepero v. High Desert State Prison*, 2015 WL 1308690, *17 (D. Nev. Mar. 24, 2015) (finding taking of legal papers to be an unauthorized deprivation).

Moreover, Plaintiff had a sufficient postdeprivation remedy for that loss. Nevada law enables individuals in the custody of the Department of Corrections who have been wrongly deprived of property to bring civil actions against prison officials to for the loss of property. *See* N.R.S. 41.0322; *see also Cepero*, 2015 WL 1308690, at *17. Moreover, the institutional grievance process constitutes a

---

[2] Defendants argue that Plaintiff's claims are barred by the applicable statute of limitations. *See* Docket No. 86 at 6-8. Because the motion for summary judgment can be resolved on other grounds, the undersigned expresses no opinion as to the timeliness of Plaintiff's claims.

meaningful postdeprivation remedy. *See Greene v. Nev. Dept. Of Corrections*, 2015 WL 1034276, *5 (D. Nev. Mar. 10, 2015) (citing *Wheeler v. Horton*, 2010 WL 5101040, *2 (D. Nev. Dec. 8, 2010)).

In short, there is no disputed issue of fact that the alleged taking of Plaintiff's legal papers would constitute an unauthorized intentional deprivation of property and that a meaningful postdeprivation remedy was available. As such, entry of summary judgment on this claim in Defendants' favor is warranted.

B.     Access to the Courts

Prisoners have a fundamental constitutional right to access the courts. *See Bounds v. Smith*, 430 U.S. 817, 820 (1977). This right to access the courts protects prisoners in several ways, including that it forbids prison officials from interfering with their ability to actively litigate a filed case. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1102-03 (9th Cir. 2011). To pursue such a claim, a prisoner must establish that he has suffered "actual injury." *Id.* at 1102. Actual injury is defined as actual prejudice with respect to completed or existing litigation, such as an inability to meet a filing deadline or present a claim. *See Lewis v. Casey*, 518 U.S. 343, 348 (1996).

Defendants argue that summary judgment is proper on this front because Plaintiff has failed to show any actual injury. Docket No. 86 at 10-13. The Court agrees. Plaintiff's claim arises out of his allegation that he was unable to timely challenge his sentence due to the taking (and refusal to return) of his legal papers. *See, e.g.*, Docket No. 9 at 3. Plaintiff is correct that his motion to modify his sentence was initially denied by the state court as untimely. Docket Nos. 86-5, 86-6.[3] Nonetheless, Plaintiff later refiled that motion and it was considered on its merits. In particular, both the district court and Nevada Supreme Court found that he failed to satisfy the applicable standards to modify his sentence. *See* Docket Nos. 86-7, 86-9, 86-11. Given that any untimeliness to the filing of his motion did not ultimately impact his ability to seek relief, Plaintiff has failed to establish any actual injury

---

[3] The request for judicial notice of these documents, Docket No. 87, should be granted, *see e.g.*, *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (courts may take judicial notice of relevant state court proceedings).

caused by the alleged conduct. As such, entry of summary judgment on this claim in Defendants' favor is warranted.

## V.   CONCLUSION

For the reasons discussed more fully above, the undersigned hereby **RECOMMENDS** as follows:

- Defendants' motion for summary judgment at Docket No. 86 be **GRANTED**;
- As a corollary, Plaintiff's motion for summary judgment at Docket No. 111 be **DENIED**, Plaintiff's motion to submit evidence at Docket No. 95 be **DENIED** as moot,[4] and Plaintiff's motion to borrow statute of limitations at Docket No. 112 be **DENIED** as moot;
- Defendants' request for judicial notice at Docket No. 87 be **GRANTED**;
- Plaintiff's motion to dismiss at Docket No. 97 be construed as a motion to strike and, so construed, be **DENIED**;
- Defendants' motion to strike at Docket No. 120 be **DENIED**.
- Plaintiff's motion to dismiss at Docket No. 124 be construed as a motion to strike and, so construed, be **DENIED**.

DATED: November 6, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[4] The evidence Plaintiff sought to submit is not clear. It appears from other filings that he was seeking to submit exhibits related to his mental health. *See* Docket No. 97 at 1. Such filings would not be pertinent to the issues on which this report and recommendation are based.

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).