# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Harold D. Harden, | 2:14-cv-00560-JAD-NJK |
| Plaintiff | **Order Overruling Objections, Adopting Report and Recommendation, Granting Motion for Summary Judgment, and Closing Case** |
| v. | |
| Soboro, *et al.*, | [ECF 86, 95, 97, 111, 112, 120, 124, 131, 133, 134] |
| Defendants | |

Pro se Nevada state prisoner Harold D. Harden sues Soboro and Brown, a pair of correctional officers under 42 USC § 1983 for due-process violations and denial of access to the courts.[1] On November 6, 2015, Magistrate Judge Nancy Koppe entered a report[2] recommending that I grant defendants' motion for summary judgment,[3] along with their request for judicial notice,[4] and deny all other pending motions.[5] Harden objects.[6] Having reviewed the report and recommendation *de novo*, I overrule Harden's objections, adopt Magistrate Judge Koppe's report and recommendation, grant summary judgment in defendants' favor, deny all other motions, and close this case.[7]

**Background**

Harden alleges that on July 18, 2011, he was being treated for mental illness and was not

---

[1] ECF 9.

[2] ECF 131.

[3] ECF 86.

[4] ECF 87.

[5] ECF 95, 97, 111, 112, 120, 124.

[6] ECF 133.

[7] I find this motion suitable for disposition without oral argument. Nev. L.R. 78-2.

fully coherent.[8]  Nevertheless, defendant Soboro "trashed" Harden's cell and took—and refused to return—Harden's legal papers.[9]  At a subsequent disciplinary hearing, defendant Brown sided with Soboro even though Harden had presented evidence to support his version of events.[10]  At the hearing, Brown permitted Harden to call his cell mate as a witness, but did not allow him to present video-surveillance evidence.[11]  Even though Harden's cell mate corroborated Harden's version of events, he was still punished.[12]

Harden alleges that his post-conviction challenges were denied as untimely because his legal papers were taken,[13] and he sues Brown and Soboro under § 1983 alleging a due-process violation and the denial of his access to the courts.

On May 23, 2014, I conducted a preliminary screening of Harden's complaint.[14]  I noted that his two claims may be barred by the two-year statute of limitations on § 1983 claims.[15]  But ultimately I let them survive initial screening because there was a question of whether the statute of limitations might be tolled on account of Harden's alleged mental illness.[16]

Both parties now move for summary judgment.  Harden has also filed two motions to submit

---

[8] ECF 9 at 1,3.

[9] *Id.* at 4.

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.* at 3.

[14] ECF 8.

[15] See *id.* at 3–4.

[16] *Id.*  Because Magistrate Judge Koppe resolved the motion for summary judgment on other grounds, she expressed no opinion on the timeliness of Harden's claims, nor do I.  *See* ECF 131 at 4.

evidence,[17] three motions to strike,[18] and a "motion to borrow 3-year statute of limitations."[19]

Magistrate Judge Koppe recommends that I deny Harden's motions to strike, reasoning that defendants' filings are not untimely and that the interests of justice favor resolving defendants' motion for summary judgment on the merits.[20] Harden objects only to the denial of his motion to strike defendants' reply in support of their motion for summary judgment.[21] He argues that Magistrate Judge Koppe "erred" in recommending that this motion to strike be denied, but he does not explain why.[22] Defendants' reply was timely filed,[23] and I see no reason to strike it, so I agree with the magistrate judge that Harden's motions to strike should be denied in their entirety.

Magistrate Judge Koppe next recommends that I grant defendants' motion for summary judgment on Harden's due-process claim because Harden has no viable due-process claim under these facts: the deprivation was unauthorized and Harden had a sufficient post-deprivation remedy.[24] She recommends that I also grant summary judgment on Harden's access-to-the-courts claim because he has not shown any actual injury.[25] Harden objects. He argues that defendants' motion for summary judgment is moot because I previously denied their motion to dismiss that raised similar arguments.[26] In my June 22, 2015, order denying defendants' motion to dismiss, I noted that Harden

---

[17] ECF 95, 134.

[18] ECF 97, 120, 124. Plaintiff styled these as "motions to dismiss" defendants' filings. I construe these requests as motions to strike.

[19] ECF 112.

[20] ECF 131 at 2–3.

[21] ECF 133 at 2.

[22] *Id.*

[23] See ECF 109 (indicating replies due by July 5, 2015); ECF 114, defendants' reply. July 5, 2015, was a Sunday and defendants timely filed their reply on the next business day, Monday July 6, 2015.

[24] ECF 131 at 4–5.

[25] *Id.* at 5–6.

[26] ECF 133 at 4 (citing ECF 110).

had not yet had a chance to present evidence to support his claims, and I found that, taking all of his allegations as true, as I must on a motion to dismiss, his claims survived Rule 12(b)(6) scrutiny.[27] Accordingly, I denied defendants' motion. But that decision does not preclude defendants from raising similar arguments at the summary-judgment stage and offering evidence to defeat Harden's claims. The standard for summary judgment is different than that for a motion to dismiss; I no longer take Harden's allegations as true. Now that both parties have had a chance to submit evidence to support their claims and defenses, I consider each of Harden's claims under the summary-judgment standard, and I agree with Magistrate Judge Koppe that defendants are entitled to summary judgment in their favor on both of Harden's claims.

## Discussion

### A. Summary-Judgment Standards

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[28] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[29] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[30]

If the moving party satisfies Rule 56 of the Federal Rules of Civil Procedure by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[31] The nonmoving party "must do more than simply show that there is some metaphysical

---

[27] ECF 110.

[28] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

[29] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[30] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[31] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

doubt as to the material facts"; he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[32] The court only considers properly authenticated, admissible evidence in deciding a motion for summary judgment.[33]

**B.  Harden's due-process claim fails as a matter of law because he had a sufficient post-deprivation remedy.**

Prisoners have a protected interest in their personal property.[34] Though a prisoner can state a claim under the due-process clause for an *authorized* deprivation of personal property—*i.e.*, a deprivation carried out under an established state procedure, statute, or regulation[35]—an *unauthorized* deprivation is only actionable if no meaningful post-deprivation remedy is available.[36] I agree with Magistrate Judge Koppe that Harden's claim fails because this taking was unauthorized and Harden had sufficient post-deprivation remedies.

Harden alleges a deprivation of personal property: Soboro took his legal papers and refused to return them. But the Nevada Department of Corrections' internal policies explicitly allow inmates to possess personal legal materials in their cells,[37] so Soboro's confiscation of Harden's legal papers was unauthorized.[38] And Harden may bring a due-process claim for that confiscation only if no sufficient post-deprivation remedy was available to him. Defendants have offered evidence to show

---

[32] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248–49.

[33] FED. R. CIV. P. 56(c); *Orr*, 285 F.3d at 773–74.

[34] *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).

[35] *Hudson v. Palmer*, 468 U.S. 517, 532, n. 13 (1984)

[36] *Id.* at 533 (holding that "an unauthorized, intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available.)."

[37] ECF 86-12 (NDOC Administrative Regulation 722.04(13)).

[38] *See e.g.*, *Cepero v. High Desert State Prison*, 2015 WL 1308690, * 17 (D. Nev. Mar. 24, 2015) (finding taking of legal papers to be an unauthorized deprivation).

that Harden had not one—but two—sufficient post-deprivation remedies available to him: a private right of action under Nevada state law[39] and NDOC's own internal grievance procedures.[40] Because Harden had meaningful post-deprivation remedies available to redress this unauthorized deprivation of his personal property, his due-process claim fails as a matter of law and defendants are entitled to summary judgment on this claim.

**C.    Harden's access-to-the-courts claim fails as a matter of law because he has not shown actual injury.**

Prisoners have a fundamental constitutional right of access to the courts,[41] which prohibits, among other things, prison officials from interfering with a prisoner's ability to actively litigate a filed case.[42] To prevail on an access-to-the-courts claim, a prisoner must show that he has suffered "actual injury."[43] To establish actual injury, a prisoner must show that he has suffered actual prejudice as to completed or existing litigation, like an inability to meet a filing deadline or present a claim.[44]

I agree with Magistrate Judge Koppe that Harden's claim fails because he has not shown actual injury. Harden alleges that he was unable to timely challenge his sentence due to the taking and retention of his legal papers.[45] Harden is correct that his motion to modify his sentence was

---

[39] *See* NEV. REV. STAT. 41.0322 (creating cause of action for prisoners to recover compensation for loss of personal property or injury); *see also Cepero*, 2015 WL 1308690, at * 17.

[40] *See Greene v. Nev. Dept. Of Corrections*, 2015 WL 1034276, * 5 (D. Nev. Mar. 10, 2015) (citing *Wheeler v. Horton*, 2010 WL 5101040, * 2 (D. Nev. Dec. 8, 2010) (stating that "the institutional grievance process constitutes a meaningful post-deprivation remedy.").

[41] *See Bounds v. Smith*, 430 U.S. 817, 820 (1977).

[42] *See Silva v. Di Vittorio*, 658 F.3d 1090, 1102–03 (9th Cir. 2011).

[43] *Id.* at 1102.

[44] *See Lewis v. Casey*, 518 U.S. 343, 348 (1996).

[45] *See* ECF 9 at 3.

initially denied by the state court as untimely.[46]  But Harden later refiled that motion, and both the state district court and the Nevada Supreme Court considered (and rejected) the motion on its merits.[47]  Because it appears that Harden's alleged inability to meet the filing deadline did not ultimately impact his ability to challenge his sentence, he has not shown any actual injury from defendants' conduct.  Thus, this claim also fails as a matter of law and defendants are entitled to summary judgment on it.

**D.  Harden's remaining motions are denied as moot.**

Harden moves for summary judgment, arguing that (1) his claims are timely, (2) defendants are not immune from suit, and (3) defendants destroyed video evidence proving that Soboro confiscated his legal papers.[48]  Harden's arguments do not change the outcome of this case.  I did not resolve the statute-of-limitations issue in ruling on defendants' motion for summary judgment; even if I assume Harden's claims are timely, they fail as a matter of law.  Harden's timeliness argument is thus irrelevant, and his "motion to borrow the three-year statute of limitations"[49] is moot.

Harden's qualified-immunity argument is likewise irrelevant because I did not find that defendants were immune from his claims.  Finally, even if Harden produced video evidence that Soboro took his legal papers, he would not be entitled to summary judgment because he has not shown that he lacked a sufficient post-deprivation remedy.  For these reasons, Harden's motion for summary judgment is denied.

Both of Harden's motions to submit new evidence are denied because none of the evidence he seeks to admit saves his claims.  The evidence Harden seeks to submit in his first motion to submit evidence[50] is unclear, but it appears from other filings that he seeks to submit evidence of his

---

[46] *See* ECF 86-5, 86-6.  I grant defendants' request to take judicial notice of these documents.  Courts may take judicial notice of relevant state court proceedings.  *See e.g. United States ex. Rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

[47] *See* ECF 86-7, 86-9, 86-11.

[48] ECF 111.

[49] ECF 112.

[50] ECF 95.

mental illness.[51] Any evidence of Harden's mental health is inapposite; its only relevance would have been to deciding the equitable-tolling issue, which I do not reach. In his second motion to submit evidence, Harden seeks to introduce a November 19, 2015, order from the Nevada Court of Appeals.[52] The order does not change my conclusion that Harden has not shown actual prejudice; indeed, it is favorable to his state-court challenge to his guilty plea.[53] Because none of Harden's pending motions affects the resolution of this case, I deny them as moot.

**Conclusion**

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for summary judgment **[ECF 86]** is **GRANTED.**

IT IS FURTHER ORDERED that:

1. The magistrate judge's report and recommendation **[ECF 131]** is **ADOPTED**; plaintiff's objections **[ECF 133]** are **OVERRULED**;
2. Plaintiff's motion for summary judgment **[ECF 111]** is **DENIED**;
3. Plaintiff's motions to submit new evidence **[ECF 95, 134]** and plaintiff's motion to borrow statute of limitations **[ECF 112]** are **DENIED** as moot;
4. Defendants' request for judicial notice **[ECF 87]** is **GRANTED**;
5. Plaintiffs' motions to dismiss **[ECF 97, 124]**, which I construe as motions to strike, are **DENIED**; and
6. Defendants' motion to strike **[ECF 120]** is **DENIED.**

---

[51] See ECF 97 at 1.

[52] ECF 134.

[53] ECF 134 at 2–6.

The Clerk of Court is instructed to enter judgment in favor of defendants and against plaintiff and **CLOSE THIS CASE.**

Dated this 21st day of January, 2016

                                        _____
                                        Jennifer A. Dorsey
                                        United States District Judge