UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Harold D. Harden, | 2:14-cv-00560-JAD-NJK |
| Plaintiff | **Order Denying Motion to Alter or Amend Judgment** |
| v. | [ECF 145] |
| Soboro, et al., | |
| Defendants | |

Nevada state prisoner Harold D. Harden sued Soboro and Brown, a pair of correctional officers, under 42 USC § 1983 for due-process violations and denial of access to the courts.[1] Magistrate Judge Nancy Koppe entered a report recommending that I grant defendants' motion for summary judgment;[2] Harden objected.[3] On January 21, 2016, after reviewing the report and recommendation de novo, I overruled Harden's objections, adopted Magistrate Judge Koppe's report and recommendation, and granted defendants' motion for summary judgment.[4] Judgment was entered that same date.[5] On January 29, 2016, Harden filed a Rule 59(e) motion to alter or amend the judgment.[6] Having reviewed Harden's motion and my previous order, I find that Harden has not identified any basis for relief, and I deny Harden's motion.[7]

---

[1] ECF 9.

[2] ECF 131.

[3] ECF 133.

[4] ECF 141.

[5] ECF 142.

[6] ECF 145.

[7] I find this motion suitable for disposition without oral argument. LR 78-2.

**Discussion**

**A.     Motion to Alter or Amend the Judgment**

Relief under Rule 59(e) is available only in limited circumstances. To succeed, the movant must show: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law.[8]

**B.     Harden has not identified any reason to disturb the Clerk's judgment.**

I properly granted defendants' motion for summary judgment on Harden's due-process and access-to-the-courts claims. I found that Harden's due-process claim failed as a matter of law because he alleged an unauthorized—as opposed to an authorized—deprivation of his personal property and that he had sufficient post-deprivation remedies.[9] I also found that Harden's access-to-the-courts claim failed as a matter of law because Harden failed to show any actual injury—i.e., that he suffered actual prejudice as to completed or existing litigation as a result of defendants' actions.[10]

Harden now argues that I improperly granted summary judgment on his due-process claim. He suggests that his due-process claim is viable because he has identified an authorized deprivation of property: a supervisor ordered defendant Soboro to take his legal papers. This does not change my conclusion that the alleged taking was unauthorized. An authorized deprivation is one carried out under established state procedures, regulations, or statutes,[11] and defendants offered undisputed evidence showing that the Nevada Department of Corrections' internal policies and procedures explicitly allow inmates to keep personal legal materials in their cells.[12] Thus, even if a superior orchestrated the taking, it was nonetheless unauthorized, and Harden's claim fails.

---

[8] *Turner v. Burlington N. Santa Fe. R. Co.*, 338 F.3d 1058 (9th Cir. 2003).

[9] ECF 141 at 5.

[10] ECF 141 at 6.

[11] *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982).

[12] ECF 141 at 5 (citing ECF 86-12, NDOC Admin. Reg. 722 04(13)).

Harden next contends that I erred by granting summary judgment on his access-to-the courts claim because has shown actual injury.[13] As proof, Harden attaches an order from the Nevada Court of Appeals. Harden raised this argument in a "motion to submit evidence," which I denied as moot when I granted defendants' motion for summary judgment. I found then, and I still maintain, that the proffered order does not change my conclusion that Harden failed to show actual prejudice as a result of defendants' actions.[14] Indeed, the order is actually favorable to his state-court challenge to his guilty plea.[15]

In sum, Harden has not identified any mistake, intervening change in controlling law, or other factor that would require vacating the judgment. He has not shown that manifest injustice resulted from the dismissal of his action. And he has not presented any newly discovered or previously unavailable evidence. Because Harden has not made the requisite showing under Rule 59(e), his motion is denied.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Harden's motion to alter or amend the judgment under FRCP 59(e) **[ECF 145]** is **DENIED.** This case is closed and no further filings will be entertained.

Dated this 4th day of February, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[13] ECF 145.

[14] *Id.* at 8.

[15] *See id.* at 3–8. In it, the Nevada Court of Appeals affirmed the district court's decision that Harden's motion to withdraw his guilty plea fell outside the narrow scope of claims permissible in a motion to modify/correct sentence. The appellate court also agreed that the district court properly denied Harden's post-sentencing motion to withdraw his guilty plea because the Nevada Supreme Court has held that a post-conviction petition for a writ of habeas corpus is the exclusive remedy to challenge the validity of a guilty plea after sentencing. But the Nevada Court of Appeals then found that the district court erred by dismissing Harden's motion instead of construing it as a post-conviction petition for a writ of habeas corpus and remanded the case to the district court for further proceedings.